**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARUTYUN TSAVUKYAN,

               Petitioner,

     v.

DAVID MARIN, et al.,

               Respondents.

Case No. 5:26-cv-00812-MRA-KES

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION**

This habeas action was brought by Petitioner Arutyun Tsavukyan, a noncitizen who was released by Immigrations and Customs Enforcement ("ICE") on supervision in 2009, then re-detained by ICE on January 7, 2026. On March 4, 2026, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 14. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 14. The TRO required Respondents David Marin, Warden of the Adelanto ICE Detention Facility; Kristi Noem, Secretary of DHS; and Pamela J. Bondi, Attorney General of the United States; (collectively, "Respondents" or the "government") to immediately release Petitioner pursuant to the terms of his preexisting OSUP and enjoined Respondents from re-detaining

-1-

Petitioner unless and until he is provided proper due process necessary for the revocation of an OSUP. *Id.* at 12. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their response on March 6, 2026, arguing that the preliminary injunction should be denied and the Petition should be dismissed as moot because Petitioner was released on March 5, 2026. ECF 15. Petitioner filed a reply on March 12, 2026, arguing that the request for a preliminary injunction is not moot because Petitioner continues to face the threat of unlawful detention given the government offered no assurances it will not re-detain Petitioner. ECF 16.

## II.   DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief. ECF 14; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause fails to address if Petitioner violated conditions of his release and whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future as required under 8 C.F.R. § 241.13(i). Nor does the government argue that it provided Petitioner with an adequate notice of revocation and necessary informal interview. Instead, the government contends that the Petition is moot because Petitioner has been released as ordered by the Court. ECF 15 at 2. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E,

2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 13, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE