UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ARUTYAN TSAVUKYAN,
Petitioner,
v.
DAVID MARIN, et al.,
Respondents.

Case No. 5:26-cv-00812-MRA-KES

ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), the other records on file herein, and the Report and Recommendation ("R&R") of the U.S. Magistrate Judge (Dkt. 22). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 24, 27) have been made.

The R&R recommends relief that provides, "Respondents may not re-detain Petitioner without: (a) providing him an individualized determination by an impartial adjudicator that his detention is justified based on danger or flight risk; and (b) first notifying him of the reasons for the revocation of his release, providing him with an opportunity to rebut those reasons, and providing him with a prompt interview as required by regulation, consistent with the applicable regulations." (Dkt. 22 at 4-5.) Respondents' objections do not merit a different result.

Respondents object that, under the factors of *Mathews v. Eldridge*, 424 U.S. 319 (1976), the post-deprivation process available under 8 U.S.C. § 1226(a) cures any pre-deprivation due process concerns. (Dkt. 24 at 9-12.) This objection is not persuasive. Under the first factor, the private interest at stake, because Petitioner had been free on an order of supervision since 2009, "a person who is in fact free of physical confinement – even if that freedom is lawfully revocable – has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Y.L.S. v. Santacruz*, 2026 WL 734586, at *5 (C.D. Cal. Feb. 5, 2026) (citing cases). As to the second factor, the risk of erroneous deprivation, "[t]here is an unacceptably high risk that the government would erroneously deprive – or has erroneously deprived – Petitioner of [his] liberty interest absent a pre-detention hearing." *Id.*; *see also Francisco Lorenzo v. Bondi*, 2026 WL 237501, at *5 (W.D. Wash. Jan. 29, 2026) ("The Court finds that the risk of erroneous deprivation is significant where the government fails to follow its own procedures for revocation of release, thus depriving the noncitizen of process due prior to revocation."). As to the third factor, the Government's interest, "there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Y.L.S.*, 2026 WL 734586, at *5; *Franciso Lorenzo*, 2026 WL 237501, at *5 ("[T]he third *Mathews* factor weighs in [Petitioner's] favor because his pre-detention process is routine and low cost.").

Respondents object that the permanent prospective injunction that the R&R recommends is improper because any challenge by Petitioner to his re-detention is not ripe. (Dkt. 24 at 12-13.) But Petitioner can "only enforce his right to a pre-deprivation hearing by 'bringing a challenge now, prior to his being re-arrested.'" *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1056 (N.D. Cal. 2021) (rejecting ripeness argument) (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963 969 (N.D. Cal. 2019)). Respondents relatedly object that a permanent injunction does not satisfy the requirements of *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). (Dkt.

24 at 13-14.) The objection is not persuasive. Under *eBay*, Petitioner "must demonstrate (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc.*, 547 U.S. at 391. Here, the circumstances of Petitioner's recent detention "does not inspire confidence that, absent a court order, Respondents will afford Petitioner process that is consistent with their own polices and regulations, applicable statutes, and the United States Constitution." *Pour v. Bondi*, 2026 WL 972410, at *3 (W.D. Wash. Apr. 10, 2026) (granting under the *eBay* factors a permanent injunction against future re-detention without pre-deprivation notice and a hearing) (citation omitted).

Respondents object that 8 U.S.C. § 1226(e) forecloses prospective collateral review of any future detention decision. (Dkt. 24 at 14-16.) Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." But Section 1226(e) "did not strip federal courts of traditional habeas jurisdiction. . . . [It] restricts jurisdiction only with respect to the executive's exercise of discretion, but that discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024). Here, Petitioner is not challenging a discretionary judgment about whether detention is appropriate but rather is raising "due process and regulatory challenges to the procedures Respondents afforded Petitioner when they re-detained him." *Ghamoushi-Ramandi v. Janecka*, 2026 WL 1107385, at *3 (C.D. Cal. Apr. 20, 2026); *see also Qazi v. Albarran*, 2025 WL 3033713, at *3 (E.D. Cal. Oct. 10, 2025) (Section 1226(e) does not bar judicial review where "Petitioner's claim is a challenge to the constitutionality of Petitioner's imminent redetention.").

Thus, judicial review is not foreclosed by 8 U.S.C. § 1226(e).

Respondents object that the R&R's prospective remedy exceeds the narrow scope of habeas corpus, in particular, by encroaching on territory foreclosed by 8 U.S.C. § 1252(g). (Dkt. 24 at 16-17.) Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." But this case does not involve a challenge to the Executive's power of removal. Petitioner "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order. Instead, he challenges his redetention as one that violated his rights to due process. Section 1252(g) does not preclude a district court from reviewing a challenge to the allegedly unlawful detention of a noncitizen[.]" *Venega-Maltez v. Semaia, et al.*, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents object that the R&R's prospective remedy is overbroad because it violates the immediate-custodian rule, which requires that the warden of the detention facility is the only proper Respondent in a habeas action. (Dkt. 24 at 17-18.) But in the immigration detention context that is at issue here, Petitioner seeks "relief that [his] immediate custodian would be unable to provide. The Court thus finds the immediate custodian inapplicable to this case." *Rivera v. Holder*, 307 F.R.D. 539, 544 n.1 (W.D. Wash. 2015) (declining to apply the immediate custodian rule in the immigration detention context) (citing cases).

Respondents object that the R&R's prospective remedy violates precedent mandating the narrow tailoring of remedies. (Dkt. 24 at 18-19.) The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health*

*Ctr., Inc.*, 512 U.S. 753, 767 (1994). The Ninth Circuit likewise has emphasized that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (citation omitted). Here, the specific harm shown is not only Petitioner's re-detention, but also "a concrete risk of re-detention" without legally required process. *Yang v. Scott*, 2026 WL 632661, at *5 (W.D. Wash. Mar. 6, 2026). The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Under its mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention absent legally required process.

Finally, Respondents object that the R&R's prospective remedy violates the rule against broad "obey-the-law decrees." (Dkt. 24 at 19). But the Ninth Circuit has "not adopted a rule against 'obey the law' injunctions per se." *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832, 852 n. 9 (9th Cir. 2022). They are permissible if they "adequately describe the impermissible conduct," are "not impermissibly vague," or "provide[] a sophisticated actor[] with additional guidance for his future conduct." *Id.* Here, the highly specific relief recommended, against sophisticated Respondents, does not violate the rule.

The Court accepts the report, findings, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered GRANTING the Petition. The Court adopts the ruling in its order granting a preliminary injunction (Dkt. 17) as the Court's final judgment, and grants the requested prospective relief for the same reasons. Specifically, Respondents shall not re-detain Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that his physical custody is required, or

(b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

DATED: September 30, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE